■ SILVERIO SANDOLA, as Administrator of the Estate of LUCY SANDOLA, Deceased, Respondent-Appellant, v. JACOB PEARLMAN, Appellant, and ANITA CARPENTIER, Respondent. (Action No. 1.) ANITA CARPENTIER, Respondent, v. JACOB PEARLMAN, Appellant. (Action No. 2.) JACOB PEARLMAN, Appellant, v. ANITA CARPENTIER, Respondent. (Action Nos. 3 and 4.) — In a consolidated negligence action (Action No. 1 being to recover damages for wrongful death, and Actions Nos. 2, 3 and 4 being to recover damages for injuries to persons and property), the parties cross-appeal as follows from a judgment of the Supreme Court, Westchester County, entered May 4, 1961 after trial, upon the jury's verdict of: (a) $27,000 in favor of the plaintiff administrator against defendant Jacob Pearlman in Action No. 1; (b) "no cause of action" in favor of defendant Carpentier against the plaintiff administrator in Action No. 1; (c) $3,300 in favor of plaintiff Carpentier against the defendant Pearlman in Action No. 2; and (d) "no cause of action" in favor of defendant Carpentier against the plaintiff Jacob Pearlman in Actions Nos. 3 and 4: (1) Plaintiff administrator appeals from so much of said judgment as, in effect, dismissed the complaint against defendant Carpentier in Action No. 1; and as awarded $3,000 to plaintiff Carpentier against defendant Pearlman in Action No. 2. (2) Jacob Pearlman, as defendant in Actions Nos. 1 and 2 and as plaintiff in Actions Nos. 3 and 4, appeals from so much of said judgment as awarded $31,049.20 (comprising the amount of the verdict, interest and costs) to the plaintiff administrator against him in Action No. 1; as awarded $3,300 to plaintiff Carpentier against him in Action No. 2; and as, in effect, dismissed his complaint against defendant Carpentier in Actions Nos. 3 and 4. Judgment, insofar as appealed from, reversed on the law, and new trial granted, with costs to abide the event. Although former section 56 of the Vehicle and Traffic Law (now § 1180) was still in effect at the time of the occurrence of the accident on December 15, 1958 (see Vehicle and Traffic Law, §§ 2014, 2015), it was reversible error for the trial court, in its charge to the jury, to invoke subdivision 1 of section 56 as a basis for liability on the part of Pearlman. That subdivision provided, *inter alia,* that no one shall drive " at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit" him to stop his vehicle "without injury to another or his property." The subdivision had been held constitutionally unenforcible in a " traffic infraction " prosecution (which is in the nature of a criminal prosecution) on the theory that it was vague and indefinite and, therefore, unenforcible (*People* v. *Firth,* 3 N Y 2d 472). We hold that where a statute, which by its terms declares any violation to be a punishable offense or crime, has been held to be unenforcible on the ground that it is vague and indefinite, then, for the same reason, its violation

may not be made the predicate of a civil action for damages against the violator (*Standard Chems. & Metals Corp.* v. *Waugh Chem. Corp.,* 231 N. Y. 51). Similar rulings have been made in recent cases (*Thomas* v. *Central Greyhound Lines,* 6 A D 2d 649; *Armondi* v. *Johnson,* 16 A D 2d 712). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.